IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
JOSE A. COLON,                    )
                                  )
        Plaintiff,                )
                                  )
    v.                            ) Civ. No. 06-25-JJF
                                  )
CORRECTIONAL MEDICAL SERVICES,    )
                                  )
        Defendant.                )
```

### MEMORANDUM ORDER

Plaintiff Jose A. Colon, an inmate at the Howard R. Young Correctional Facility ("HRYCI"), Wilmington, Delaware, brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on February 1, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3.) The Court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed without prejudice, pursuant to 28 U.S.C. § 1915 and § 1915A, for failure to state a claim upon which relief may be granted. Plaintiff is given leave to amend his complaint.

**I.    THE COMPLAINT**

Plaintiff alleges that sometime between April 2005 and June 2005 he was given medication that was not ordered for him. Plaintiff alleges that he filed a medical grievance requesting that the medication be stopped, that sometime in August he was seen by Medical Supervisor Linda Hunter, and after a brief

explanation he was given a simple apology and told he would receive a written copy through the institution's mail. To date, he has not received the copy.

He asks that his case be heard by this Court and that HRYCI's medical department provide him with a copy of the resolution for the grievance he filed.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only

be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Additionally, a prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05.

In the present case, Plaintiff has not sufficiently alleged an Eighth Amendment medical claim. There are no allegations of a serious medical need. Nor are there allegations that prison officials were indifferent to any risk. Indeed, the complaint

alleges that when alerted to the problem, the medication was stopped. Finally, Plaintiff makes no allegations of any injury sustained as a result of the medication given to him.

Based upon the foregoing analysis, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(E)(2)(b). The Court takes allegations of medical claims seriously. Accordingly, Plaintiff is given leave to amend his complaint.

IV. CONCLUSION

NOW THEREFORE, at Wilmington this 15 day of March, 2006, IT IS HEREBY ORDERED that:

1. The complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. Plaintiff is given leave to amend the complaint. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

_____
UNITED STATES DISTRICT JUDGE